Mr. Justice ThacheR
"delivered the opinion of the court.
McGraw, use of Wright, instituted his action upon a promissory note against Brown, the maker, and Ferguson, the payee. Both defendants were served with process, but Brown only pleaded to the action. Upon the trial, Gay was offered as a witness to prove that Ferguson, the payee, acknowledged to him, the witness, while he, the payee, was the holder of the note and before its assignment, that the note was given to secure a bet upon an election. This evidence was excluded by the circuit court, and its judgment, in this respect, was excepted to by the defendant, Brown.
The admissions or'declarations of the assignor of a chose in action, made while he is the holder and before assignment, are evidence against his assignee and all claiming under him. This rule is universal, with a solitary qualification as to bills of exchange and promissory notes, which pass to a bona fide holder in the course of trade. This qualification or exception does not subsist in this state, in consequence of the statute H. & H. 373, sec. 12, making promissory notes, &c. assignable by indorsement, and affording to a defendant, in an action thereon, the .same defence as assignee, that existed to his assignor; and so with us the rule is universal.
It is not a sufficient objection to the admission of this evidence, that the assignor of the note was sued in the same action. He was not a party to the issue, and therefore his admissions were properly named; and if he had been, then of course, under the above rule, they would have been admissible.
*269 The evidence was pertinent to the issue, because, if believed, it will entirely defeat the action under our statutes running against gaming, &c.
The judgment must be reversed, and the cause remanded for a new trial.